UNITED STATES of America

v.

James Trey NELSON, Defendant.

No. 99–CR–184 LEK.

United States District Court,
N.D. New York.

Nov. 5, 1999.

Daniel French, United States Attorney, Richard S. Hartunian, Assistant U.S. Attorney, Northern District of New York, Albany, NY, for U.S.

Delaney & Desautels, Albany, NY, Michael L. Desautels, of counsel, for Defendant.

## MEMORANDUM–DECISION AND ORDER

KAHN, District Judge.

Defendant is being held pending trial on a criminal complaint of possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] (Criminal Complaint (29 Mar. 1999, Doc. 1).) Now before the Court is the Defendant's omnibus motion (28 July 1999, Doc. 15) to suppress statements, to suppress physical evidence, to suppress reference to alleged gang affiliation, to order discovery, and to order production of *Brady* materials. In the alternative to various of these reliefs, Defendant requests hearings before the Court. The details of the relief requested in Defendant's motion are as follows.

1. Suppression of all statements, both oral and written, obtained from Defendant, based on violations of rights pursuant to the Fifth Amendment to the United States Constitution, or, a hearing on the admissibility of such statements;

2. Suppression of introduction and mention at trial of a certain shotgun, or, a hearing on the admissibility of the shotgun as evidence or of any mention of it;

3. An order prohibiting the Government from describing Defendant at trial as a "member of the Bloods," or, a hearing on the issue;

4. An order pursuant to Fed.R.Crim.P. 16, granting discovery and inspection of the following items:

1. "It shall be unlawful for any person who has been convicted in any court of, [sic] a crime punishable by imprisonment for a term exceeding one year; ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

(i) *Miranda* waiver forms obtained during Albany Police Department interrogations of Defendant on all relevant dates of conversation with him;

(ii) The aforementioned shotgun for discovery and testing;

(iii) Two shotgun shells listed as exhibits "3" and "4" on an evidence report filed;

(iv) Photographs of the shotgun, including photographs of the scene at which it was found, apparently taken on 1 December 1998;

(v) All ATF ballistic reports pertaining to the firing of the shotgun, including notes, technical data, draft reports, and "summary" reports;

(vi) All ATF stolen-gun reports, including notes, teletype requests and teletypes pertaining to stolen shotguns of the type sub judice, all other notes pertaining to reports of such stolen shotguns, and ATF stolen-gun summary reports; and

(vii) All fingerprint analysis reports conducted on the shotgun, including notes and reports of all tests;

5. An order pursuant to Fed.R.Evid. 609 for the disclosure of Rule 609 materials, and for a prohibition against the use of Defendant's prior convictions;

6. An order pursuant to Fed.R.Evid. 404(b) prohibiting of the use of other crimes, wrongs or acts, including the purported possession of three firearms not pled in the indictment, or, in the alternative, an order directing the Government to provide notice, at the return date of this motion, of the nature of any such evidence that the Government intends to introduce at trial; and

7. An order directing the Government to provide all *Brady* materials that would tend to exculpate the Defendant, including, *inter alia*, specifics pertaining to law enforcement authorities and civilians regarding the search for the shotgun named in the indictment.

The motion's requests for relief are discussed seriatim.

## I. DISCUSSION

1. *Request to suppress Defendant's statements.* The Government's Memorandum of Law in Opposition to Defendant's Pretrial Motions (10 Sep. 1999, Doc. 21) acknowledges that the Defendant's affidavit (Doc. 15) raises the question of whether the police administered the *Miranda* warnings to the Defendant and whether the Defendant knowingly and voluntarily waived his *Miranda* rights. (Gov't's Mem. of Law in Opp'n to Def.'s Pretrial Mots. at 9.) Because the Government consents to a pretrial hearing, at which it would call police officers to testify and the Court could make a factual determination of the assertions at issue in the motion to suppress (*id.*), the Court will GRANT Defendant's motion for a hearing on the admissibility at trial of Defendant's statements.

2. *Request to suppress shotgun.* The questions that Defendant raises about the shotgun do not, as a matter of law, establish that it is not relevant. They instead go to the weight of the evidence, and are properly matters for submission as testimony and other evidence, and for scrutiny by cross-examination, at trial, and ultimately for evaluation by the trier of fact. For the same reasons, a pretrial hearing is not appropriate for this issue. The Court will DENY the Defendant's motion to suppress the shotgun or hold a hearing.

3. *Request to bar the Government from describing purported gang affiliation of Defendant at trial.* Evidence that a defendant is a member of a gang can be highly prejudicial, and courts recognize that it may be appropriate to suppress that identification at trial, *see United States v. Butler,* 71 F.3d 243, 251 (7th Cir.1995), though this Court's research found few instances where a circuit has reversed a trial court's decision to admit such evidence. *See United States v. Irvin,* 87 F.3d 860, 864–66 (7th Cir.1996) (trial court abused its discretion in not excluding, un-

der Fed.R.Evid. 403, evidence of gang membership when its probative value was minimal, and when "highly charged gang-affiliation evidence served as a substitute for ... direct evidence, increasing the chance of guilt purely by association"); *United States v. Elkins,* 70 F.3d 81, 83–85 (10th Cir.1995) (in prosecution under federal firearms laws, trial court erred in admitting evidence of defendant's gang membership, where foundation requirement of showing that defendant and witness had common membership in particular gang was not met, and where there was no showing of biased testimony due to fear); *United States v. Roark,* 924 F.2d 1426, 1432–34 (8th Cir.1991) (prosecution's attempt to tie defendant's guilt directly to his association with motorcycle club—an attempt featuring relentless effort, from voir dire throughout trial, to convict defendant through his association with the organization—was reversible error that limiting instructions to jury could not cure). There are, in contrast, many instances in which courts have found that the probative value of gang membership outweighs any prejudicial effect. *See, e.g., United States v. Lewis,* 910 F.2d 1367, 1372 (7th Cir. 1990). In balancing these conflicting imperatives, the Seventh Circuit has stated that evidence of gang affiliation should tend to prove an element of the charged offense, in addition to having general probative value that outweighs its prejudice. *Irvin,* 87 F.3d at 864.

The Government here asserts that evidence of gang membership will tend to explain or prove several elements of its case. (Gov't's Mem. at 14–15.) Some of these elements appear likely to have substantial probative value. Others appear to have a much more tenuous relationship to direct proof of the offense charged, or appear to make broad conclusions about character or foreseeable conduct, and may tend to depart from the proper role of evidence, which is not to tie guilt to association, *see Roark,* 924 F.2d at 1432–34, but to show that a defendant committed particular acts.

The determination of whether these allegations tend to make a particular fact more probable—and whether that fact is relevant to proving the offense charged—is best made at trial. For that reason the Court will not hold a pretrial hearing, but will RESERVE JUDGMENT on the Defendant's request. At trial, the Court will expect the Government, insofar as it is possible, to advise the Court and defense counsel in advance when it intends to submit evidence or elicit testimony affiliating the Defendant with any gang, to insure that admissibility may be raised and resolved outside the presence of the jury.

4. *Request for order pursuant to Fed. R.Crim.P. 16, granting discovery and inspection.* In response to this request, the Government refers the Court to the discovery letters and materials attached as Exhibit I to its memorandum opposing Defendant's motion. (Gov't's Mem. at 20.) Exhibit I consists of scarcely legible photocopies of handwritten notes, and a printed report, of the police interrogation of Defendant on 29 March 1999. That hardly addresses the scope of Defendant's request.

The Court GRANTS Defendant's request for *Miranda* waiver forms obtained from Defendant by the Albany Police Department; the Government must make available for inspection, copying or photocopying such forms as are within the possession, custody or control of the Government. Fed.R.Crim.P. 16(a)(1)(A).

The Court GRANTS Defendant's request for access to the shotgun. The Government must permit Defendant's representatives to inspect and photograph the shotgun, insofar as the shotgun is within the possession, custody or control of the Government. Fed.R.Crim.P. 16(a)(1)(C).

The Court GRANTS Defendant's request for access to the two shotgun shells listed as exhibits "3" and "4" on an evidence report filed. The Government must permit Defendant's representatives to in-

spect and photograph the shells, insofar as the shells are within the possession, custody or control of the Government. *Id.*

The Court GRANTS Defendant's request for access to photographs of the shotgun, including photographs of the scene at which it was found, apparently taken on 1 December 1998. The Government must permit Defendant's representatives to inspect and copy or photograph these photographs, insofar as they are within the possession, custody or control of the Government. *Id.*

■ The Government appears to have provided the ATF summary report (Gov't's Mem. Ex. 5) to the Defendant. Rule 16 provides that

> the government shall permit the defendant to inspect and copy or photograph any results or reports ... of scientific tests or experiments, or copies thereof, [that] are within the possession, custody, or control of the government, ... and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

Fed.R.Crim.P. 16(a)(1)(D). It is not immediately obvious exactly which documents the phrase "results or reports ... of scientific tests" encompasses. The Ninth Circuit has concluded that log notes "do not have the requisite formality or finality to be considered as either a 'report' or a 'result.' ... [T]he government is under no legal duty under Rule 16(a)(1)(D) to turn over such informal internal documents." *United States v. Iglesias,* 881 F.2d 1519, 1523 (9th Cir.1989). The Court finds the Ninth Circuit's reasoning persuasive, and the distinctions it draws well–founded; the Court thereby adopts the *Iglesias* analysis for this purpose. Accordingly, the Court DENIES the request for notes, rough notes, investigations, tests and draft reports. The Court GRANTS Defendant's request with respect to final analyses and reports that are summarized in the Exhibit 5 report; the Government must permit the Defendant to inspect and

copy or photograph any such documents that are within the possession, custody or control of the Government.

The Defendant's request for "[a]ll ATF stolen gun reports, including ... all notes, requests for teletype responses, the teletype request itself, all reports filed in response to the teletype request for information pertaining to a stolen Winchester Defender shotgun, and all notes, handwritten, typed or otherwise pertaining to such stolen gun reports," includes documents that are not subject to disclosure; the Rule "does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by the attorney for the government *or any other government agent investigating or prosecuting the case.*" Fed.R.Crim.P. 16(a)(2) (emphasis added). In addition, the request makes no temporal or geographical restriction to its scope. It is simply too broad to grant, in addition to requesting exempt material. The Court DENIES this request.

Defendant requests "all reports, ... including notes and reports of all tests conducted, regarding the analysis of [the] shotgun for fingerprints." Pursuant to the *Iglesias* analysis, the Court DENIES the request for notes. The Court GRANTS Defendant's request with respect to final analyses, and reports that are summarized in the reports already released to Defendant; the Government must permit the Defendant to inspect and copy or photograph any such documents that are within the possession, custody or control of the Government.

■ 5. *Request for order for disclosure of Rule 609 materials, and to prohibit use of Defendant's prior convictions.* Defendant sets forth no authority for requiring that Government disclose in advance of trial whether it plans to use any prior conviction of Defendant for purposes of attacking the credibility of Defendant as witness. The Court DENIES the request for disclosure. Whether the Government may attempt to use any prior conviction of Defendant depends on whether the Defendant testifies; whether the probative value of such evidence outweighs its prejudicial

effect is unknowable at this point. For a variety of reasons, this issue is not ripe for disposition. The Court DENIES the request to prohibit use of Defendant's prior convictions, with LEAVE TO RENEW at trial.

6. *Request for order pursuant to Fed. R.Evid. 404(b) prohibiting use of other crimes, wrongs or acts, or, in the alternative, for order directing Government to provide notice, of the nature of any such evidence that the Government intends to introduce at trial.* Determining the relevance of proposed evidence under Rule 404(b) is best done at trial. As the time is not ripe for consideration of this issue, the Court DENIES the request to prohibit 404(b) use, with LEAVE TO RENEW at trial. In discovery materials and its memorandum in opposition to Defendant's motion, the Government has submitted materials sufficient to satisfy the 404(b) requirement of "reasonable notice in advance of trial ... of the general nature of any such evidence it intends to introduce at trial." The Court therefore DENIES as moot the request to order the Government to provide notice.

7. *Request for order directing the Government to provide all exculpatory Brady materials.* The Government acknowledges its continuing duty to disclose *Brady* materials. (Gov't's Mem. at 20.) The Defendant does not set forth any allegation or evidence that the Government is failing to comply with this duty. A Court order for the Government to comply with an obligation that it is already complying with would be inappropriate. Accordingly, the Court DENIES the request that it order the Government to comply with *Brady* requirements.

### CONCLUSION

For the reasons stated above, it is hereby:

ORDERED that Defendant's motion for a hearing on the admissibility at trial of Defendant's statements is **GRANTED**; and

IT IS FURTHER ORDERED that Defendant's motion to suppress the shotgun or hold a hearing is **DENIED**; and

IT IS FURTHER ORDERED that in lieu of a pretrial hearing the Court will **RESERVE JUDGMENT** on the Defendant's request to bar the Government from describing purported gang affiliation of Defendant at trial, and that at trial the Government will advise the Court and defense counsel in advance when it intends to submit evidence or elicit testimony affiliating the Defendant with any gang; and

IT IS FURTHER ORDERED that Defendant's request for an order granting discovery and inspection pursuant to Fed. R.Crim.P. 16 is **GRANTED in part and DENIED in part**, as detailed above; and

IT IS FURTHER ORDERED that Defendant's request for an order that the Government disclose Rule 609 materials is **DENIED**, and for an order that prohibits the use of Defendant's prior convictions, is **DENIED with LEAVE TO RENEW** at trial; and

IT IS FURTHER ORDERED that Defendant's request for an order to prohibit the 404(b) use of other crimes, wrongs or acts is **DENIED**, with **LEAVE TO RENEW at trial**, and his request that the Court order the Government to provide notice of the nature of such materials the Government intends to introduce at trial is **DENIED as moot**; and

IT IS FURTHER ORDERED that Defendant's request for an order directing the Government to provide *Brady* materials is **DENIED**; and

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.