**UNITED STATES of America**

v.

**James Trey NELSON, Defendant.**

**No. 99–CR–184 LEK.**

United States District Court,
N.D. New York.

Feb. 10, 2000.

---

Daniel J. French, United States Attorney, Richard S. Hartunian, Asst. U.S. Atty, Northern District of New York, Albany, NY, for Government.

Delaney & Desautels, Albany, NY, Michael L. Desautels, of counsel, for Defendant.

---

## MEMORANDUM–DECISION
## AND ORDER

KAHN, District Judge.

Defendant made statements while in police custody; he contends they were not voluntary, and therefore are not admissible at trial. The evidence on the matter consists of documents and the testimony of police detectives. The government must show by a preponderance of that evidence that Defendant's statements were voluntary, in order for the Court to find them admissible at trial.

Defendant Mr James Trey Nelson is being held pending trial on a criminal complaint of possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] (Criminal Compl. (29 Mar. 1999, Doc. 1).) The voluntariness and admissibility of Defendant's statements in custody is the single remaining element of Defendant's omnibus motion (Doc. 15, 28 July 1999) that the Court's Memorandum–Decision and Order of 5 November 1999 did not dispose of. *See United States v. Nelson,* 103 F.Supp.2d 512 (N.D.N.Y.1999) (Kahn, J.) This remaining motion is for the suppression of all statements, both oral and written, obtained from Defendant, based on violations of rights pursuant to the Fifth Amendment to the United States Constitution.[2]

The Government's Memorandum of Law in Opposition to Defendant's Pretrial Motions (Doc. 21, 10 Sep. 1999) acknowledged that the Defendant's affidavit (Doc. 15) raised the question of whether the police administered the *Miranda*[3] warnings to the Defendant and whether the Defendant knowingly and voluntarily waived his *Miranda* rights. (Gov't's Mem. Law Opp'n to Def.'s Pretrial Mots. at 9.) The Government thus consented to the pretrial hearing on this issue that Defendant had requested (*see* Doc. 15, Desautels Aff. at 3 ¶ 8), and the Court accordingly granted Defendant's motion for a hearing on the admissibility at trial of Defendant's statements. *See* 103 F.Supp.2d at 513, 516. In addition, the Court issued an order pursuant to Fed.R.Crim.P. 16, granting discovery and inspection of *Miranda* waiver forms obtained during Albany Police Department interrogations of Defendant on all relevant dates of conversation with him. *Id.* at 514, 516.

A hearing before the Court was held in Albany on the 13th, 15th and 16th of December 1999, at which the Court heard the testimony of Detectives Kenneth Kennedy, Anthony Ryan and Kevin J. O'Neill of the Albany City Police Department. (*See* Suppression Hr'g Tr. (Docs. 30, 21 Jan. 2000, and 35, 36, 3 Feb. 2000).)

## I. DISCUSSION

"The function of a suppression hearing is to determine the voluntariness, and hence the admissibility for Fifth Amendment purposes, of a confession. The truth or falsity of the statement is not relevant to the voluntariness inquiry . . . ." *Lee v. Illinois,* 476 U.S. 530, 546 n. 6, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986) (Brennan, J.). The Court reviews the evidence in a suppression hearing by a preponderance of the evidence standard. "In *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972), we considered whether the prosecution was required to prove beyond a reasonable doubt that a confession was voluntary. [We held] that a prepon-

---

1. "It shall be unlawful for any person who has been convicted in any court of, [sic] a crime punishable by imprisonment for a term exceeding one year; . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

2. "No person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend. V.

3. *See Miranda v. Arizona,* 384 U.S. 436, 467–68, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (Warren, C.J.).

derance of the evidence was sufficient .... *Id.* at 486, 92 S.Ct. 619." *United States v. Raddatz,* 447 U.S. 667, 678, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) (Burger, C.J.). This Court must determine that Defendant's statements were made voluntarily in order for them to be admitted into evidence at trial. Even admitted statements, however, are still subject to attack at trial, either by renewal of a motion to suppress, or by cross-examination and the submission of evidence that would tend to persuade a jury to give less weight to the statements than they might otherwise.

If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under all the circumstances.

18 U.S.C. § 3501(a). "A defendant who has not prevailed at the suppression hearing remains free to present evidence and argue to—and may persuade—the jury that the confession was not reliable and therefore should be disregarded." *Raddatz,* 447 U.S. at 678, 100 S.Ct. 2406.

■ The Court has heard the testimony of the witnesses, including their examination and cross-examination by trial counsel for the Government and the Defendant, and finds the witnesses' testimony to be sufficiently credible to determine by a preponderance of the evidence that Defendant had been read his *Miranda* rights in a timely fashion, and had not been subject to such coercion as might render his statements involuntary.

### *CONCLUSION*

For the reasons stated above, it is hereby:

ORDERED that Defendant's motion to suppress his statements while in police custody is **DENIED,** with leave to renew at trial;[4] and

4. *See Raddatz,* 447 U.S. at 678 n. 6, 100 S.Ct. 2406.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.